IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FOLAMI DAYO BAKER, | § | |
| | § | |
| Petitioner, | § | |
| | § | No. 3:11-cr-77-D(5) |
| V. | § | No. 3:13-cv-835-D-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Folami Dayo Baker has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, Petitioner's motion should be denied.

**Background**

Petitioner pled guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 371 and 1343, pursuant to a plea agreement and factual resume. She was sentenced to 37 months imprisonment, at the bottom end of the applicable Sentencing Guideline range, on February 24, 2012.

No direct appeal was taken. Instead, Petitioner filed this timely Section 2255 motion to vacate, set aside, or correct sentence, claiming that the Court misapplied the United States Sentencing Guidelines and that she received ineffective assistance of counsel.

**Legal Standards**

Post-conviction relief under Section 2255 is ordinarily limited to questions of constitutional or jurisdictional magnitude that could not have been raised on direct appeal and would, if ignored, result in a complete miscarriage of justice. *See United States v. Perez,* 952 F.2d 908, 909 (5th Cir. 1992). To raise an issue for the first time on collateral review, a petitioner must show "cause" for her procedural default and "actual prejudice" resulting from the error. *United States v. Frady,* 456 U.S. 152, 167-68 (1982). The only recognized exception to this rule is in an "extraordinary case" where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. 478, 496 (1986).

A district court's calculation under or application of the Sentencing Guidelines is not the type of error cognizable under Section 2255. *See United States v. Walker,* 68 F.3d 931, 934 (5th Cir. 1995). But a Section 2255 motion is the proper procedural vehicle for raising a claim of ineffective assistance of counsel. *See United States v. Pierce,* 959 F.2d 1297, 1301 (5th Cir. 1992).

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan,* 446 U.S. 335, 344 (1980). To obtain post-conviction relief due to ineffective assistance of counsel, a petitioner must satisfy the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner must demonstrate that counsel's performance fell below an objective standard of reasonable professional service. *See id.* at 687. Second, she must establish that she was prejudiced

by the attorney's substandard performance. *See id.* at 691-92.

To obtain post-conviction relief due to ineffective assistance of counsel during the punishment phase of a non-capital case, a petitioner must establish that she was subjected to additional jail time due to the deficient performance of her attorney. *See United States v. Grammas,* 376 F.3d 433, 439 (5th Cir. 2004) (citing *Glover v. United States,* 531 U.S. 198, 203 (2001)).

There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *See Romero v. Lynaugh,* 884 F.2d 871, 876 (5th Cir. 1989).

**Analysis**

<u>Sentencing Guidelines Claims</u>

Petitioner urges that the Court improperly applied a two-level enhancement under U.S.S.G. § 2B1.1(b)(2)(A)(i) because the offense of conviction involved ten or more victims and that the Court based the total loss amount under U.S.S.G. § 2B1.1(b)(1) on "unclear" factors. *See* Dkt. No. 2 at 4-5. Claims of this sort generally may not be raised on collateral review because "[a] district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255." *Walker*, 68 F.3d at 934.

Of course, Petitioner did not file a notice of appeal and so did not raise this asserted error on a direct appeal. But, even if Petitioner could establish cause for her failure to raise this issue on direct review, the claim is also barred by a voluntary waiver of appeal that was contained within her plea agreement, acknowledged at re-

arraignment, and found to be knowing and voluntary by the Court. *See United States v. Baker*, No. 3:11-cr-77-D(5), Dkt. No. 100 at 4; *see also* Dkt. No. 193 at 16-17.

For all of these reasons, Petitioner's claims alleging the misapplication of the Sentencing Guidelines may not be considered by the Court. *See United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002).

But even if they could be, Petitioner's sentencing claims are entirely without merit. The Court applied the offense level proposed by the Presentence Report, which did not contain an enhancement based on the number of victims. *See United States v. Baker*, No. 3:11-cr-77-D(5), Dkt. No. 117-1 at 11; Dkt. No. 194 at 13. The loss amount that the Court calculated was based upon an actual loss of $2,439,595, which was calculated by the probation officer by subtracting the amount of money received when the lenders resold the properties from each original loan amount. *See United States v. Baker*, No. 3:11-cr-77-D(5), Dkt. No. 117-1 at 9-11; Dkt. No. 194 at 13-14. The factors used to determine the loss amount and resulting sentence were in no way "unclear," as Petitioner claims.

<u>Alleged Ineffective Assistance of Counsel</u>

Petitioner faults her attorney because he allegedly did not disclose the contents of the Presentence Report prior to sentencing, "took a vague approach" to her defense, and did not discuss defense strategy with her. But Petitioner acknowledged at sentencing that she had received a copy of the Presentence Report and had sufficient time to read it and discuss it with her attorney. *See United States v. Baker*, No. 3:11-cr-77-D(5), Dkt. No. 194 at 3.

In any event, this claim, and her other claims of ineffective assistance, fail to establish deficient performance and prejudice. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) ("conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding"). Even if she did not receive a copy of the Presentence Report, counsel was "vague," and counsel failed to discuss with Petitioner a defense strategy, Petitioner has not established that she was subjected to additional jail time as a result of any such deficiency. *See Grammas*, 376 F.3d at 439.

## Recommendation

Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79

F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 28, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE